■ In the Matter of BATTENKILL ASSOCIATION OF CONCERNED CITIZENS et al., Appellants, v TOWN OF GREENWICH PLANNING BOARD et al., Respondents.—Harvey, J. Appeal from a judgment of the Supreme Court (Dier, J.), entered May 31, 1988 in Washington County, which dismissed petitioners' application, in a proceeding pursuant to CPLR article 78, to, inter alia, review determinations of various respondents approving re-

spondent Stevens & Thompson Paper Company, Inc.'s request for a property subdivision and a flood prevention permit.

In December 1986, respondent Stevens & Thompson Paper Company, Inc. (hereinafter Stevens) was granted a project license by the Federal Energy Regulatory Commission to build and operate a hydroelectric plant adjacent to its existing paper mill on the Battenkill River in the Towns of Greenwich and Easton in Washington County. Because Stevens obtained financing for its project through the Industrial Development Agency of Warren and Washington Counties (hereinafter IDA), it was required to deed the land on which the plant was built to the IDA and then to lease it back. To facilitate this arrangement, Stevens submitted a subdivision application to respondent Town of Greenwich Planning Board (hereinafter the Board) so that it could give title to the project land to the IDA, while retaining title to the land where its paper mill was located. With its application, Stevens also submitted an environmental assessment form (hereinafter EAF). Upon review of the EAF, the Board determined that dividing the land into two tracts would not have a significant adverse environmental impact and that an environmental impact statement was not required.

Thereafter, in June 1987, the Board granted conditional final approval of the proposed minor subdivision sought by Stevens. This approval was conditioned upon Stevens' submission of an EAF from the Department of Environmental Conservation in regard to the over-all hydroelectric project. In August 1987, Stevens submitted a flood prevention permit application to the Towns of Greenwich and Easton to install wooden flashboards on top of the dam. At this time, Stevens also submitted engineering reports demonstrating that the flashboards would not increase the risk of downstream flooding and a full EAF in accordance with the State Environmental Quality Review Act (hereinafter SEQRA; ECL art 8). Respondents Town of Greenwich and Easton Building Inspector/Code Enforcement Officers agreed that the installation of flashboards would have no significant environmental impact and that no environmental impact statement was required. At this time, the flood prevention permit was granted.

This proceeding challenging the various determinations of respondents regarding the subdivision approval and flood prevention permit was commenced by petitioners, residents of Washington County, and other concerned persons and organizations who had previously unsuccessfully challenged the granting of Stevens' license to operate the hydroelectric plant.

Prior to answering, the Board and Stevens moved to dismiss the petition on the grounds that petitioners lacked standing to challenge respondents' determinations and that the petition and supplemental petition failed to state a cause of action. Supreme Court dismissed the petition on the merits and found that the motions to dismiss were thereby rendered moot. This appeal by petitioners followed.

An initial issue vigorously contested by the parties is the propriety of Supreme Court's action in summarily dismissing the petition prior to joinder of issue without specifically addressing the issues contained in respondents' motions to dismiss. Petitioners claim that the court, in effect, actually treated these motions as ones for summary judgment without giving adequate notice to both parties of its intention to so act (see, CPLR 3211 [c]; Matter of FYM Clinical Lab. v Perales, 147 AD2d 840, 841, affd 74 NY2d 539; Matter of Board of Educ. v State Educ. Dept., 116 AD2d 939, 941). Respondents, on the other hand, maintain that although a notice of the court's intention to the parties was concededly not given, the circumstances present in the instant matter fit into one or more of the exceptions to the notice requirement (see, Mihlovan v Grozavu, 72 NY2d 506, 508).

The question of whether the instant motions should have been treated as ones under CPLR 3211 or 3212 is rendered academic by our resolution of the standing issue, not reached by Supreme Court, which we note can properly be raised either by motion or sua sponte by this court, if necessary (see, Matter of Eaton Assocs. v Egan, 142 AD2d 330, 335). In our view, petitioners do not have standing to challenge the determinations of respondents at issue herein. In order to establish standing in this proceeding, petitioners are required to establish that they have suffered an injury in fact and that the injury comes within the zone of interests to be protected by SEQRA (see, Matter of Dairylea Coop. v Walkley, 38 NY2d 6, 9; Matter of Jackson v City of New Rochelle, 145 AD2d 484, 485). Here, it must be kept in mind that the decision to grant Stevens the license to operate the plant has already been made and finalized without a successful challenge. The only actions at issue now are the subdivision approval and the issuance of the flood prevention permit.

While petitioners allege that respondents deviated from various SEQRA review procedures in granting Stevens its permits, nowhere in the pleadings do petitioners establish how they have suffered or will suffer an injury in fact as a result of respondents' determinations. Specifically, petitioners only set

forth who they are and the fact that they have an interest in preserving the recreational, aesthetic and historic resources which are allegedly affected by respondents' determinations. Although these interests may surely be within the zone of interests protected by SEQRA, petitioners fail to show that respondents' actions will in fact have a harmful effect on them (see, Matter of Dairylea Coop. v Walkley, supra, at 9).

We hold that the petition was properly dismissed. In light of this determination, it is unnecessary for us to reach the remaining arguments advanced by the parties.

Judgment affirmed, without costs. Kane, J. P., Casey, Weiss, Mercure and Harvey, JJ., concur.