■ In the Matter of CONCERNED CITIZENS OF WILTON et al., Appellants, v TOWN BOARD OF TOWN OF WILTON et al., Respondents. [610 NYS2d 391] —Casey, J. Appeal from a judgment of the Supreme Court (Plumadore, J.), entered June 15, 1993 in Saratoga County, which, in a proceeding pursuant to CPLR article 78, granted respondents' motion to dismiss the petition on the ground that it was barred by the Statute of Limitations.

In August 1991 respondent Donald C. Green and others sought to build a residential project in the Town of Wilton, Saratoga County, consisting of approximately 800 residential units. Although at that time the number of residential units was not restricted, respondent Town Board of the Town of Wilton in August 1992 enacted a change in the zoning laws which limited the number of residential units allowed to 150 to 200. Green thereafter applied for grandfather status of his project under the prior zoning laws, and the Town Board granted Green's application to grandfather his project.

Petitioners commenced this CPLR article 78 proceeding to annul the determination by filing a petition for such relief with the County Clerk. The Town Board answered. Green and his companies (hereinafter collectively referred to as Green) moved to intervene and to dismiss the petition as barred by the 30-day Statute of Limitations provided for in Town Law § 267-c (1). Supreme Court granted the motion for intervention and subsequently granted the motion to dismiss for untimeliness under Town Law § 267-c (1). Petitioners appeal.

In our view, the 30-day Statute of Limitations "is limited to proceedings challenging decisions of a zoning board of appeals" (Engert v Phillips, 150 AD2d 752, 753) and has no applicability to this proceeding. This conclusion gives petitioners the four-month period prescribed by CPLR 217 and renders petitioners' application timely.

The timeliness issue aside, we nevertheless dismiss the

petition because petitioners do not have standing; their grievance is not justiciable and is premature. Although these contentions were not addressed by Supreme Court, they were raised by the parties in Green's motion to dismiss. It is significant that the Town Board's determination did not approve Green's project. The grandfathering decision is not such injury as is sufficient to confer standing *(see, Matter of Lettko v New York State Dept. of Health,* 195 AD2d 781, 783-784, *lv denied* 83 NY2d 754). The injury that petitioners claim they will suffer if final approval is given to the project is speculative at this point *(see generally, Matter of MFY Legal Servs. v Dudley,* 67 NY2d 706, 708) and, as such, renders petitioners' application premature *(see, Church of St. Paul & St. Andrew v Barwick,* 67 NY2d 510, 519-520, *cert denied* 479 US 985) and their grievance nonjusticiable *(see, Matter of Parent Teacher Assn. v Board of Educ.,* 138 AD2d 108, 112). On these grounds, we affirm the judgment of Supreme Court dismissing the petition.

Cardona, P. J., Mercure, White and Weiss, JJ., concur. Ordered that the judgment is affirmed, without costs.