■ In the Matter of PUBLIC UTILITY LAW PROJECT OF NEW YORK, INC., et al., Respondents-Appellants, v NEW YORK STATE PUBLIC SERVICE COMMISSION, Appellant-Respondent, et al., Respondents. [694 NYS2d 522] —Yesawich Jr., J. Cross appeals, by permission, from an order of the Supreme Court (Teresi, J.),

entered September 2, 1998 in Albany County, which, *inter alia*, in a proceeding pursuant to CPLR article 78, denied respondents' motion to dismiss the petition.

In May 1997, respondent Public Service Commission (hereinafter the PSC) issued Opinion No. 97-5, proposing what has variously been described as a plan or policy to promote competition in retail electric markets by allowing consumers to purchase electricity from private electric service companies (hereinafter ESCOs). Traditionally, no such choice was available as consumers were required to purchase electricity from the monopoly utility provider serving their region. To ensure access to the regional markets, Opinion No. 97-5 called for exemption of ESCOs from the Home Energy Fair Practices Act (hereinafter HEFPA) (*see*, Public Service Law § 30 *et seq.*), which affords certain protections to customers in their relationship with utilities. In the event a consumer declined to select an ESCO, electricity could be obtained from a provider of last resort, the monopoly utility in the region and further, dealings between the provider of last resort and the customer would be governed by HEFPA.

Alleging that respondents' lightened regulation of ESCOs was not authorized by statute and illegal, petitioners (the Public Utility Law Project of New York, Inc. and four individual citizen taxpayers), subsequently joined by several intervenors (notably the American Association of Retired Persons [hereinafter AARP]), commenced this proceeding* seeking to invalidate Opinion No. 97-5. Petitioners claim they have standing to pursue this matter because of State Finance Law § 123-b and also by reason of the common law. We disagree.

In relevant part, State Finance Law § 123-b (1) bestows standing upon any "citizen taxpayer * * * [to] maintain an action * * * against an officer or employee of the state who in the course of his or her duties has caused, is now causing, or is about to cause a wrongful expenditure, misappropriation, misapplication, or any other illegal or unconstitutional disbursement of state funds or state property". The thrust of their pleadings in regard to this aspect of petitioners' standing argument is that Opinion No. 97-5 resulted in illegal expenditures; in particular that "[t]he expenditure of state funds by [respondents] to implement, promote, and facilitate the legislatively unauthorized provision of residential electric service by ESCOs in violation of [HEFPA] is a wrongful misapplication of state

---

* This matter was originally commenced as an action but, as part of the order being appealed, Supreme Court converted the action to a CPLR article 78 proceeding, a decision with which no party takes issue.

funds entitling the plaintiff citizen taxpayers to declaratory and injunctive relief". As these allegations are essentially directed at challenging a nonfiscal activity, namely the PSC's authority to exempt ESCOs from HEFPA requirements, rather than a specific challenge to the expenditures of identifiable State funds, they are not sufficient to support standing pursuant to State Finance Law § 123-b (*see, Public Util. Law Project v New York State Pub. Serv. Commn.*, 252 AD2d 55; *Matter of Schulz v State of New York*, 217 AD2d 393, 395).

Nor do petitioners have common-law standing for they have not alleged facts demonstrating that they will suffer direct harm and injury different from that suffered by the public at large because of the PSC's action (*see generally, Society of Plastics Indus. v County of Suffolk*, 77 NY2d 761, 774; *Matter of Schultz v Warren County Bd. of Supervisors*, 206 AD2d 672, 674, *lv denied* 85 NY2d 805). The hypothetical loss of HEFPA's protections, if one opts to obtain service from an ESCO, does not give rise to standing (*see, Public Util. Law Project v New York State Pub. Serv. Commn.*, *supra*, at 59). And because the AARP has not established that any of its members has common-law standing to sue, associational standing cannot be conferred upon it (*see generally, Matter of Dental Socy. v Carey*, 61 NY2d 330, 333).

Cardona, P. J., Mikoll, Crew III and Spain, JJ., concur. Ordered that the order is reversed, on the law, without costs, motion granted and petition dismissed.