In the Matter of SUSAN MCCARTNEY, Individually and as Chairman of Preservation of Coalition of Erie County, Inc., et al., Respondents, v DORMITORY AUTHORITY OF STATE OF NEW YORK et al., Appellants. [773 NYS2d 709]—

Appeal from a judgment of the Supreme Court, Erie County (John A. Michalek, J.), entered December 11, 2002 in a proceeding pursuant to CPLR article 78. The judgment granted the petition.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously reversed on the law without costs and the petition is dismissed.

Memorandum: Supreme Court erred in granting the petition pursuant to CPLR article 78 seeking to compel respondents to file with the court, and then to execute, a plan to maintain the H.H. Richardson Complex (complex) for purposes of restoration and preservation. The complex is comprised of a group of buildings of historical and architectural significance located on the grounds of the Buffalo Psychiatric Center. We conclude that the court instead should have dismissed the petition based on petitioners' lack of standing, a ground raised by respondents in their respective answers (*see Matter of Energy Assn. of N.Y. State v Public Serv. Commn. of State of N.Y.,* 273 AD2d 708, 710 [2000], *lv denied* 95 NY2d 765 [2000]; *see also Community Bd. 7 of Borough of Manhattan v Schaffer,* 84 NY2d 148, 154-155 [1994]). In order to establish standing, petitioners must show both that "the interest asserted is arguably within the zone of interest to be protected by the statute" (*Matter of Dairylea Coop. v Walkley,* 38 NY2d 6, 9 [1975]) and that they have been

"adversely affected by [respondents'] activities . . ., or—put another way—that [they have] sustained special damage, different in kind and degree from the community generally" (*Matter of Sun-Brite Car Wash v Board of Zoning & Appeals of Town of N. Hempstead,* 69 NY2d 406, 413 [1987]; *see Society of Plastics Indus. v County of Suffolk,* 77 NY2d 761, 774 [1991]; *Matter of Heritage Coalition v City of Ithaca,* 228 AD2d 862, 864 [1996], *lv denied* 88 NY2d 809 [1996]). Even assuming, arguendo, that respondents are obligated to "[i]nitiate measures and procedures to provide for the maintenance, through preservation, rehabilitation or restoration" of the buildings in the complex (Public Buildings Law § 63 [2]) and that petitioners therefore have satisfied the zone of interest prong of the test for standing, we nevertheless conclude that petitioners have failed to establish the requisite injury in fact (*see generally Sun-Brite Car Wash,* 69 NY2d at 413-414). We therefore reverse the judgment and dismiss the petition. In view of our decision herein, we do not address respondents' remaining contentions. Present—Pigott, Jr., P.J., Green, Hurlbutt, Scudder and Lawton, JJ.