■ In the Matter of DEBORAH KOPALD et al., Appellants, v SUPERVISOR AND TOWN BOARD OF THE TOWN OF HIGHLANDS et al., Respondents. [823 NYS2d 901]—

In a proceeding, inter alia, pursuant to CPLR article 78 to review a determination of the respondent Village Board of the Village of Highland Falls, dated July 12, 2004, and an undated determination of the respondent Town of Highlands, which, after a joint hearing, granted the application of the nonparty United States of America to annex certain territory from the Town of Highlands to the Village of Highland Falls, the petitioners appeal from a judgment of the Supreme Court, Orange County (Owen, J.), entered June 16, 2005, which denied their petition, confirmed the determinations, and dismissed the proceeding on the ground of lack of standing.

Ordered that the judgment is affirmed, with one bill of costs.

The Supreme Court properly dismissed the petition for lack of standing. The petitioners, who are residents and taxpayers of the Village of Highland Falls and the Town of Highlands, failed to establish that they are adversely affected by the annexation determinations or the review conducted pursuant to the State Environmental Quality Review Act (ECL art 8 [SEQRA]) (*see Society of Plastics Indus. v County of Suffolk,* 77 NY2d 761, 774 [1991]; *Matter of Mobil Oil Corp. v Syracuse Indus. Dev. Agency,* 76 NY2d 428, 433 [1990]; *Matter of Sun-Brite Car Wash v Board of Zoning & Appeals of Town of N. Hempstead,* 69 NY2d 406, 413 [1987]; *Matter of Dairylea Coop. v Walkley,* 38 NY2d 6, 11 [1975]; *Matter of McCartney v Dormitory Auth. of State of N.Y.,* 5 AD3d 1090 [2004]; *Matter of Save Our Main St. Bldgs. v Greene County Legislature,* 293 AD2d 907 [2002]; *Giardino v Gardinier,* 124 AD2d 1020 [1986]). Miller, J.P., Ritter, Spolzino and Dillon, JJ., concur.