11-1603-ag
Bala v. Holder

BIA
A077 562 803

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT
## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 2nd day of October, two thousand thirteen.

PRESENT:
ROSEMARY S. POOLER,
REENA RAGGI,
SUSAN L. CARNEY,
    *Circuit Judges.*

_____

MEHMET KAREMAN BALA,
    *Petitioner,*

v.                                          11-1603-ag
                                            NAC
ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
    *Respondent.*

_____

FOR PETITIONER:        Justin Conlon, Esq., North Haven, Connecticut.

FOR RESPONDENT:        Tony West, Assistant Attorney General; Terri J. Scadron, Assistant Director; Greg D. Mack, Senior Litigation Counsel, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Mehmet Kareman Bala, a native and citizen of the Albania, seeks review of an April 1, 2011, decision of the BIA affirming the March 9, 2009, decision of Immigration Judge ("IJ") Michael W. Straus, which denied his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Mehmet Kareman Bala*, No. A077 562 803 (B.I.A. Apr. 1, 2011), *aff'g* No. A077 562 803 (Immig. Ct. Hartford Mar. 9, 2009). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed the decisions of both the IJ and the BIA. *See Ming Xia Chen v. BIA*, 435 F.3d 141, 144 (2d Cir. 2006). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4); *see also Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

This petition arises from proceedings following the BIA's grant of reopening. Accordingly, the IJ did not err in

declining to consider Bala's argument that he suffered past persecution after the fall of communism, as those arguments were rejected during his original proceedings and the BIA granted reopening only to allow him to present claims that "relate[d] to new developments since [his] merits hearing." *See Singh v. Gonzales*, 468 F.3d 135, 139 (2d Cir. 2006) ("Motions to reopen are designed to allow consideration of circumstances that have arisen subsequent to the applicant's previous hearing."); *Gomes v. Gonzales*, 429 F.3d 1264, 1267 (9th Cir. 2005) (concluding that BIA did not err in declining to address petitioners' already litigated claims in reopened proceedings).

As to Bala's claim that he had a well-founded fear of persecution due to changes in conditions in Albania, the agency reasonably concluded that Bala failed to establish an objectively reasonable fear based on his activities as a member of Albania's Democratic Party. *See Hoxhallari v. Gonzales*, 468 F.3d 179, 188 (2d Cir. 2006)(per curiam). The agency reasonably relied on the Department of State's 2008 Country Report, *see Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 341-42 (2d Cir. 2006), which indicated that the Democratic Party regained control of the Parliament in 2005 and that political parties have been operating without

3

reprisal or restriction since that time. Additionally, Bala's expert witness acknowledged that there had been a downward trend in political violence, and conceded that he was not aware of any individuals deported to Albania who were being targeted for retaliation. *See Jian Xing Huang v. INS*, 421 F.3d 125, 129 (2d Cir. 2005) (per curiam) (denying petition due to "absence of solid support" in record for fear of persecution, such that petitioner's fear was "speculative at best").

Because Bala was unable to show the objective likelihood of persecution needed to make out an asylum claim, he was necessarily unable to meet the higher standard required to succeed on a claim for withholding of removal. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006); *Gomez v. INS*, 947 F.2d 660, 665 (2d Cir. 1991).

Additionally, the agency did not abuse its discretion in concluding that Bala did not demonstrate "compelling reasons for being unwilling or unable to return to the country arising out of the severity of the past persecution." 8 C.F.R. § 1208.13(b)(1)(iii)(A); *see Kone v. Holder*, 596 F.3d 141, 152 (2d Cir. 2010); *see also Matter of Chen*, 20 I. & N. Dec. 16, 19 (B.I.A. 1989) ("[T]here may be cases where the favorable

4

exercise of discretion is warranted for humanitarian reasons even if there is little likelihood of future persecution."). Because both the agency and this Court had already addressed the severity of Bala's past harm, the only new issue before the agency was whether Bala's evidence of present mental health problems merited a grant of asylum. The agency reasonably concluded that Bala did not demonstrate that his current psychological symptoms arose from severe past persecution. *See Lecaj v. Holder*, 616 F.3d 111, 120 n.9 (2d Cir. 2010).

For the foregoing reasons, the petition for review is DENIED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court