■ In the Matter of HERITAGE COMPANY OF MASSENA, Appellant, v JOHN BELANGER et al., Constituting the Planning Board of the Town of Massena, et al., Respondents. [594 NYS2d 388] —Levine, J. Appeal from a judgment of the Supreme Court (Duskas, J.), entered June 4, 1992 in St. Lawrence County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of the Planning Board of the Town of Massena approving respondent Massena Towne Centre Associates' site plan.

Petitioner is the beneficial owner of the St. Lawrence Center Mall on State Route 37 in the Town of Massena, St. Lawrence County. In March 1991, respondent Massena Towne Centre Associates applied to the Town Planning Board (hereinafter Planning Board) for site plan approval of a proposed shopping center to be located across Route 37 from petitioner's mall. With respect to review of the proposed project under the State Environmental Quality Review Act (ECL art 8) (hereinafter SEQRA), the Town Board initially determined to act as lead agency, if consented to by the other involved agencies. In that capacity, the Town Board reviewed a draft full environmental assessment form (hereinafter EAF) and accompanying traffic analysis and site plan, completed part II of the EAF and authorized the Town Supervisor to sign it.

On April 12, 1991, the EAF and accompanying documents were forwarded to nine potentially involved agencies, including the State Department of Environmental Conservation (hereinafter DEC), State Department of Transportation and the Planning Board, with a letter soliciting those agencies' consent to the lead agency status of the Town Board. DEC's first response was to approve the Town Board as lead agency. Shortly thereafter, however, DEC advised the Town Board that because the Town Board was not an "involved agency" (i.e., an agency having jurisdiction to approve any aspect of the proposed action) *(see,* 6 NYCRR 617.2 [t]), it could not act as lead agency *(see,* 6 NYCRR 617.6). DEC also advised the Town Board that it had no objection to the Planning Board succeeding to the role of lead agency, and the Planning Board did so on June 20, 1991. The Planning Board issued a negative declaration on the project July 25, 1991. Petitioner brought

this CPLR article 78 proceeding to challenge the Planning Board's determination, claiming both procedural and substantive violations of SEQRA. Supreme Court dismissed the petition and this appeal by petitioner followed.

Initially, despite the presence of an obvious economic motive for petitioner to bring this proceeding, we conclude that it meets the tripartite test announced in *Society of Plastics Indus. v County of Suffolk* (77 NY2d 761) for standing to challenge this SEQRA determination. Petitioner is an adjacent landowner and, as such, may indeed suffer noneconomic harm from the environmental impacts of the project, as it claims in the petition, i.e., consequential increases in air and noise pollution and in traffic. Petitioner's proximity to the proposed project makes it readily inferable that its risk of environmental harm is different from that of the public at large *(see, Matter of Sun-Brite Car Wash v Board of Zoning & Appeals,* 69 NY2d 406, 410).

Turning to the merits, petitioner claims that the negative declaration was not in accordance with lawful procedure in that the Planning Board improperly delegated its authority as lead agency to the Town Board and failed to conduct the mandated coordinated review of what is concededly a Type I project *(see,* 6 NYCRR 617.6 [c] [1]). These objections are almost entirely based upon the fact that the Town Board, and not the Planning Board, initially assumed the role of lead agency for SEQRA review of the project and, thus, was the agency that completed part II of the EAF and undertook coordinated review by circulating the EAF and additional relevant documents to the other involved agencies. Petitioner's claims that the EAF and the information distributed to the other agencies were defective or inadequate for coordinated review are either conclusory or refuted by the record. For example, one of petitioner's major complaints in this regard was that the involved agencies were not apprised of DEC's designation of the Grasse River, which adjoins the project, as a hazardous waste site. However, this information was conveyed to the involved agencies in a distribution of informational materials in early June 1991. The Planning Board was not the lead agency when part II of the EAF was completed and was not the only involved agency which could have taken on the role of lead agency. The Planning Board could not have improperly delegated lead agency responsibilities before it became the lead agency. Rather, the Planning Board became a successor lead agency when it was ascertained that the Town Board lacked the qualifications, a cir-

cumstance contemplated by the regulations *(see,* 6 NYCRR 617.6 [f]).

Thus, petitioner's procedural objections come down to the proposition that compliance with SEQRA required the Planning Board to undertake *de novo* review of the proposed project after it became the lead agency. Petitioner has not cited to any provision of SEQRA or the regulations mandating that a successor lead agency repeat all the procedural steps in the environmental review process completed before it assumed lead agency responsibilities. Again, there is no factual support in the record that would indicate that the Planning Board, once it became the lead agency, failed to review the EAF and other relevant data or delegated to someone else its responsibilities to make the ultimate decision on the environmental impact of the project. This is all that is required of a lead agency *(see, Akpan v Koch,* 75 NY2d 561, 575).

Alternatively, petitioner asserts that the Planning Board violated substantive requirements of SEQRA in failing to identify the relevant areas of environmental concern, take a hard look at them and make a reasoned elaboration for its determination *(see, Matter of Jackson v New York State Urban Dev. Corp.,* 67 NY2d 400, 417). We disagree. The areas of environmental concern pointed to by petitioner were identified in the EAF and referred to in the negative declaration. The negative declaration sets forth the Planning Board's consideration of specifically identified professional studies, tests and reports. The information and opinions contained in those documents were sufficient to constitute substantial evidence supporting the Planning Board's conclusion that those areas of concern do not pose a risk, either individually or collectively, of any significant impact on the environment resulting from the project. The negative declaration also contains a brief but, under the circumstances, adequate explanation of why the environmental factors of any concern did not constitute a significant environmental hazard. "The degree of detail [in a negative declaration] will obviously vary with the nature of the proposal and the agency's determination will be annulled 'only if arbitrary, capricious or unsupported by substantial evidence' " *(Matter of Har Enters. v Town of Brookhaven,* 74 NY2d 524, 530, quoting *Matter of Jackson v New York State Urban Dev. Corp., supra,* at 417).

Finally, we reject petitioner's remaining argument that the Planning Board violated the provisions of General Municipal Law § 239-m in failing to adopt a resolution fully setting forth

the reasons for acting contrary to the recommendation of the St. Lawrence County Planning Board. When the subject project was referred to the County Planning Board, that body replied with a conditional approval of the project, subject to the preparation of an environmental impact "assessment" addressing (1) an erosion control plan, (2) potential disturbance of the Grasse River, and (3) an evaluation of traffic conditions on Route 37. The record clearly establishes that the Planning Board complied with those conditions. Therefore, no explanatory resolution for acting contrary to the County Planning Board was necessary.

For all the foregoing reasons, Supreme Court's dismissal of the petition should be upheld.

Weiss, P. J., Mahoney, Casey and Harvey, JJ., concur. Ordered that the judgment is affirmed, without costs. *[See,* 151 Misc 2d 587.]