■ In the Matter of GOLTEN MARINE Co., INC., et al., Respondents, v NEW YORK STATE DEPARTMENT OF ENVIRONMENTAL CONSERVATION et al., Respondents, and 20TH CENTURY RECYCLING, INC., Appellant. [598 NYS2d 59] —In a proceeding pursuant to CPLR article 78, *inter alia,* to review certain construction permits granted to the respondent 20th Century Recycling, Inc., the appeal is from a judgment of the Supreme Court, Queens County (Durante, J.), entered February 8, 1991, which, *inter alia,* annulled the negative declarations of the New York State Department of Environmental Conservation issued on May 8, 1990 and October 19, 1990, respectively, annulled a New York State Department of Environmental Conservation construction permit, dated June 27, 1990, and annulled a permit issued by the New York City Department of Health on August 3, 1990.

Ordered that the judgment is affirmed, with one bill of costs to the respondents appearing separately and filing separate briefs.

In November 1989, the respondent 20th Century Recycling, Inc. (hereinafter 20th Century) submitted an application to the New York State Department of Environmental Conservation (hereinafter the DEC) for permission to construct and operate a solid waste management facility pursuant to 6 NYCRR subpart 360-1. The DEC deemed the application incomplete and denied it in December of that year. Thereafter, without any permits, 20th Century built and began operating the facility. Subsequently, it ceased operations and continued with the permit process. On May 8, 1990, the DEC issued a "negative declaration" (6 NYCRR 617.2 [y]), finding that the facility would cause no significant environmental effects. In so doing, it specifically declined to review the traffic, zoning, community character, and cumulative impacts of the facility, noting that these were primarily local issues under the jurisdiction of various city agencies. DEC subsequently issued a construction permit for the facility, and the New York City Department of Health issued an operation permit.

Thereafter, on September 10, 1990, the petitioners, who

constitute neighboring businesses, brought this proceeding to review the May 8, 1990, negative declaration and the permits issued pursuant thereto. On October 19, 1990, the DEC issued an "amended negative declaration" in which it purported to consider the traffic, zoning, community character, and cumulative impacts it had failed to consider in its May 8, 1990, declaration. It asserted this revised negative declaration superseded the prior May 8, 1990, negative declaration.

We find that the Supreme Court properly annulled the DEC's "negative declarations" and all permits issued pursuant thereto, because the DEC failed to comply with the New York State Environmental Quality Review Act (hereinafter SEQRA). The primary purpose of SEQRA is " 'to inject environmental considerations directly into governmental decision making' " *(Akpan v Koch,* 75 NY2d 561, 569, quoting *Matter of Coca-Cola Bottling Co. v Board of Estimate,* 72 NY2d 674, 679; *Matter of Group for S. Fork v Wines,* 190 AD2d 794). To this end, SEQRA mandates the preparation of an Environmental Impact Statement when a proposed development project "may have a significant effect on the environment" (ECL 8-0109 [2]). In making determinations of significance, the reviewing agencies must compare impacts which may be reasonably expected to result from the proposed action against the illustrative list of criteria contained at 6 NYCRR 617.11. This list contains "indicators of significant effects on the environment", and, among other things, requires a reviewing agency to look at traffic, zoning, and community character *(see,* 6 NYCRR 617.11).

It is undisputed that the DEC specifically declined to examine these areas of environmental concern in its May 8, 1990, negative declaration. This omission constituted a violation of SEQRA. The fact that other agencies may have had an independent obligation to analyze the potential impacts of the facility had no bearing on DEC's own obligation to analyze the listed areas of environmental concern *(see,* 6 NYCRR 617.6 [d] [3]; [g] [2] [iii]; 617.11). Furthermore, the DEC's *post hoc* "revised negative declaration" of October 19, 1990, could not cure the omissions. Rather, the DEC was required to conduct a de novo review. The procedure utilized by the DEC was not authorized by SEQRA or the governing regulations and could not be utilized to retroactively validate the invalid environmental review *(see, Chinese Staff & Workers Assn. v City of New York,* 68 NY2d 359, 369). It is well established that " ' "literal compliance with both the letter and spirit of SEQRA is required and substantial compliance will not

suffice" ' " *(Matter of Group for S. Fork v Wines, supra,* at 795; *Matter of Holmes v Brookhaven Town Planning Bd.,* 137 AD2d 601, 603, quoting *Inland Vale Farm Co. v Stergianopoulos,* 104 AD2d 395, 396, *affd* 65 NY2d 718; *see also, Matter of E.F.S. Ventures Corp. v Foster,* 71 NY2d 359, 371).

The appellant's remaining contentions are academic in light of our determination, or without merit. Bracken, J. P., Rosenblatt, Pizzuto and Santucci, JJ., concur.