■ In the Matter of VINCENT J. LO LORDO et al., Respondents, v BOARD OF TRUSTEES OF THE INCORPORATED VILLAGE OF MUNSEY PARK et al., Appellants. [609 NYS2d 22] —In a proceeding pursuant to CPLR article 78 to review a resolution adopted by the Board of Trustees of the Incorporated Village of Munsey Park on January 17, 1991, the respondents appeal from an order and judgment (one paper) of the Supreme Court, Nassau County (Collins, J.), dated November 13, 1991, which, *inter alia,* denied their motion to dismiss the petition on the ground that the petitioners lack standing, granted the petition, and annulled the resolution.

Ordered that the order and judgment is affirmed, with costs.

A party has standing in a land-use matter if it shows that it would suffer direct harm (i.e., injury in fact) that is in some way different from that of the public at large *(see, Society of Plastics Indus. v County of Suffolk,* 77 NY2d 761, 774; *Matter of Mobil Oil Corp. v Syracuse Indus. Dev. Agency,* 76 NY2d 428, 433; *Matter of Sun-Brite Car Wash v Board of Zoning & Appeals,* 69 NY2d 406, 412; *Matter of Dairylea Coop. v Walkley,* 38 NY2d 6, 9). A property owner has standing to seek review of an agency's compliance with the State Environmental Review Act (hereinafter SEQRA) if the owner has a significant interest in having the mandates of SEQRA enforced *(see, Matter of Har Enters. v Town of Brookhaven,* 74 NY2d 524, 529). If an owner has such a significant interest, even if it cannot presently demonstrate an adverse environmental effect, "it nevertheless has a legally cognizable interest in being assured that the decision makers, before proceeding, have considered all of the potential environmental consequences, taken the required 'hard look', and made the necessary 'reasoned elaboration', of the basis for their determination" *(Matter of Har Enters. v Town of Brookhaven, supra,* at 529). It has been held that the status as owners or residents of property near the site of a proposed project, coupled with an allegation of actual or potential noneconomic harm, leads to an inference of potential injury *(see, Matter of Sun-Brite Car Wash v Board of Zoning & Appeals, supra; Matter of Heritage Co. v Belanger,* 191 AD2d 790, 791).

We find the petitioners' allegations of potential injury are

supported by the record and that the petitioners have demonstrated that they are within the zone of interest protected by SEQRA. Traffic congestion, such as that alleged by the petitioners has been held to be an environmental issue within the zone of interest of SEQRA *(see, Matter of Heritage Co. v Belanger, supra; Matter of Schweiss v Ambach,* 98 AD2d 148, *affd* 63 NY2d 835). Thus, in the present proceeding, the petitioners have each alleged environmental harm that is different from that suffered by the public at large and that comes within the zone of interest protected by SEQRA. Thus, they have the requisite standing to pursue their claims on the merits *(see, Matter of Sun-Brite Car Wash v Board of Zoning & Appeals,* 69 NY2d 406, *supra).*

We have considered the respondents' remaining contentions and find them to be without merit. Rosenblatt, J. P., Ritter, Pizzuto and Altman, JJ., concur.