■ In the Matter of DUKE & BENEDICT, INC., et al., Appellants, v TOWN OF SOUTHEAST, Respondent, and EMGEE HIGHLANDS, INC., Intervenor-Respondent. [678 NYS2d 343] —In a proceeding pursuant to CPLR article 78 to annul and vacate the enactment by the respondent Town of Southeast of an amendment to the Town Zoning Code by resolution dated July 18, 1996, and the enactment of Local Laws, 1996, No. 4 of the Town of Southeast, which rezoned a certain parcel of property, the petitioners Duke & Benedict, Inc., and Benedict Dairy Farms appeal from a judgment of the Supreme Court, Putnam County (Hickman, J.), dated July 18, 1997, which dismissed the proceeding on the ground that the petitioners lacked standing.

Ordered that the judgment is affirmed, with one bill of costs.

The petitioners Duke & Benedict, Inc., and Benedict Dairy Farms (hereinafter collectively referred to as D&B) own property which adjoins on two sides a parcel of property owned by Emgee Highlands, Inc. (hereinafter Emgee). Emgee petitioned the Town Board of the Town of Southeast to rezone its prop-

erty from "office professional", in which office and warehouse uses were permitted, to "highway commercial", for the purpose of developing a large retail store on the site.

The Town Board, as lead agency for purposes of review under the State Environmental Quality Review Act (ECL art 8, hereinafter SEQRA), issued a negative declaration with respect to the rezoning after a public hearing and approval by the Town Planning Board. The Town Board passed a resolution dated July 18, 1996, which granted Emgee's petition and amended the Town's Zoning Code. On September 19, 1996, the Town Board adopted Local Laws, 1996, No. 4 of the Town of Southeast, which rezoned Emgee's property. D&B then commenced this proceeding to annul and vacate the amendment of the Zoning Code and the Local Law on the ground that the Town Board failed to take the requisite "hard look" at the potential environmental impacts of the rezoning and failed to follow certain statutory procedures in enacting the amendment and Local Law. The Supreme Court dismissed the proceeding on the ground that D&B lacked standing.

We conclude that the Supreme Court erred in determining that D&B lacked standing to bring this proceeding. "A party has standing in a land-use matter if it shows that it would suffer direct harm (i.e., injury in fact) that is in some way different from the public at large" (*Matter of Lo Lordo v Board of Trustees*, 202 AD2d 506; *see also, Society of Plastics Indus. v County of Suffolk,* 77 NY2d 761, 774). The owner of property near the site of a proposed project who alleges actual or potential noneconomic harm from the environmental impacts of the project risks harm that is different from that of the public at large, and therefore has standing (*see, Matter of Sun-Brite Car Wash v Board of Zoning & Appeals*, 69 NY2d 406; *Matter of Lo Lordo v Board of Trustees, supra; Matter of Heritage Co. v Belanger,* 191 AD2d 790).

The Town Board contends that D&B's motives are solely economic because its petition to rezone a portion of its own property from residential to highway commercial was denied. Potential injury which is solely economic in nature does not fall within the zone of interest protected by SEQRA (*see, Matter of Mobil Oil Corp. v Syracuse Indus. Dev. Agency,* 76 NY2d 428, 433; *Matter of Bridon Realty Co. v Town Bd.* 250 AD2d 677). However, the presence of an economic motive for bringing a proceeding will not defeat standing if the adjacent property owner also has alleged environmental impacts, such as increased noise and traffic, from the proposed project (*see, Matter of Heritage Co. v Belanger, supra*). Here, D&B alleged that

the rezoning of the property would lead to increased traffic and adverse environmental effects on the horse farm and residential portions of its property.

Although D&B has standing to bring this proceeding, the allegations in the petition are without merit. The record reveals that the Town Board took the requisite "hard look" at the environmental impacts of the rezoning (*see, Matter of Jackson v New York State Urban Dev. Corp.,* 67 NY2d 400, 417) and concluded that the zoning change to "highway commercial" would not have any adverse environmental impacts, particularly in view of the uses previously permitted on the property. Contrary to D&B's contentions, the Town Board did not abdicate its duty of environmental review to other agencies, and it did not impermissibly condition its negative declaration (*see, Matter of Merson v McNally,* 90 NY2d 742).

Furthermore, the record belies D&B's contention that the Town Board violated General Municipal Law § 239-m, as the proposed zoning change was submitted to the County Planning Department for approval (*see, Matter of Gernatt Asphalt Prods. v Town of Sardinia,* 87 NY2d 668). Similarly, D&B failed to present evidence to support its contentions that the Town Zoning Code was amended in violation of the procedures in Town Law § 265 and that the Local Law was enacted in violation of procedures in Municipal Home Rule Law § 20. Accordingly, the proceeding was properly dismissed. O'Brien, J. P., Santucci, Joy and Friedmann, JJ., concur.