■ IRENE ROTELLA et al., Respondents, v WEGMANS FOOD MARKETS, INC., Appellant. (Appeal No. 1.) [735 NYS2d 447] —Order unanimously affirmed without costs. Memorandum: Plaintiffs commenced this action to recover damages for injuries sustained by Irene Rotella (plaintiff) when she slipped and fell in the parking lot of defendant's Liverpool store. With respect to the order in appeal No. 1, we conclude that Supreme Court properly denied that part of defendant's motion seeking summary judgment dismissing the complaint to the extent that it alleges that defendant created the allegedly dangerous condition in the parking lot. "Defendant failed to meet its initial burden of establishing as a matter of law that its snow removal efforts did not create the allegedly dangerous condition that caused plaintiff's injuries" (*Calabrese v Geneva Hous. Auth.*, 284 AD2d 954; *see, Fezza v Rogers*, 167 AD2d 599, 601; *see also, Feeney v Benderson Dev. Co.*, 255 AD2d 965, 966). Plaintiffs have not taken a cross appeal from the order in appeal No. 1 insofar as it granted that part of defendant's motion dismissing the complaint to the extent that the complaint alleges that the accident was the result of defendant's failure to provide adequate lighting in the parking lot.

With respect to the order in appeal No. 2, we conclude that the court properly denied defendant's motion for an order pursuant to 22 NYCRR 202.48 based upon the failure of plaintiffs' attorney to submit an order within 60 days of the court's decision in appeal No. 1. The 60-day rule "is directed to movants who are successful" (*Matter of Kerrigan,* 169 AD2d 833, 834; *see, Bell v New York Higher Educ. Assistance Corp.,* 166 AD2d 228). Plaintiffs were not the movants, nor were they entirely successful in opposing the motion (*see, Matter of Germain,* 138 AD2d 918, 920, *lv dismissed* 72 NY2d 952; Siegel, NY Prac § 250, at 408 [3d ed]). Further, under the circumstances, the court properly determined that the action should not be "deemed abandoned" (22 NYCRR 202.48 [b]; *see, Matter of Smith v City of New York,* 213 AD2d 309, 310; *Matter of Village of Attica v Nutty,* 184 AD2d 1057). (Appeal from Order of Supreme Court, Onondaga County, Centra, J.—Summary Judgment.) Present—Green, J. P., Pine, Hurlbutt, Kehoe and Gorski, JJ.