■ In the Matter of COALITION FOR FUTURE OF STONY BROOK VILLAGE et al., Appellants, v ROBERT REILLY et al., Respondents. [750 NYS2d 126] —In a proceeding pursuant to CPLR article 78 to review a determination of the Planning Board of the Town of Brookhaven dated November 27, 2000, in the form of a negative declaration pursuant to the State Environmental Quality Review Act (ECL art 8), the petitioners appeal from so much of a judgment of the Supreme Court, Suffolk County (Tanenbaum, J.), dated August 28, 2001, as dismissed the proceeding insofar as asserted by the petitioner Coalition for the Future of Stony Brook Village on the ground that it lacked standing and dismissed the proceeding on the merits insofar as asserted by the petitioners All Souls Episcopal Church, Kevin P. Von Gonten, and Bruce Hoar.

Ordered that the appeal by the petitioners Cynthia Barnes and Louise Harrison is dismissed, as those petitioners are not aggrieved by the portion of the judgment appealed from (see CPLR 5511); and it is further,

Ordered that the judgment is reversed insofar as reviewed, on the law, the petition is granted, the determination is annulled, and the matter is remitted to the Planning Board of the Town of Brookhaven for the preparation of an environmental impact statement and further proceedings consistent with the State Environmental Quality Review Act as it deems appropriate; and it is further,

Ordered that one bill of costs is awarded to the petitioners Coalition for Future of Stony Brook Village, All Souls Episcopal Church, Kevin P. Von Gonten, and Bruce Hoar; and it is further,

Ordered that the expiration of the temporary certificate of occupancy is tolled until July 8, 2003, without prejudice to the movant seeking an extension in the Supreme Court, Suffolk County.

On April 23, 1999, Eagle Realty Holdings, Inc. (hereinafter Eagle Realty), submitted an application to expand the Stony Brook Post Office and construct an Educational and Cultural Center in Forsythe Meadows, Stony Brook, Town of Brookhaven. It called for removal of approximately 60,000 cubic yards of fill from the subject property. The subject property is owned by the Ward Melville Heritage Organization (hereinafter the WMHO), a nonprofit organization, and Eagle Realty holds title to the income-producing properties acquired by the WMHO. Forsythe Meadows, the last forest in Stony Brook, is home to, among other things, oak-tulip trees, which are not common in the State of New York as a whole but are common along the northern half of Long Island. The subject property is also located within the Stony Brook Historic District and in close proximity to houses built in the 19th century. The Planning Board of the Town of Brookhaven (hereinafter the Planning Board) was designated as the lead agency.

Eagle Realty submitted a long environmental assessment form (hereinafter EAF), dated April 2000. In July 2000 Suffolk County purchased 36 of the 43 acres of Forsythe Meadows for preservation purposes. There was a separate and independent application to build residential homes in Forsythe Meadows called the Timber Ridge Homes project. Strong opposition to the plan from the community surfaced, from, among others, the petitioner Coalition for the Future of Stony Brook Village (hereinafter the Coalition), which was formed to save Forsythe Meadows. Consequently, the Timber Ridge Homes Project became defunct. In light of this development, Eagle Realty submitted a supplement dated August 2000 to the EAF.

On August 21, 2000, the Planning Board held a public

hearing. After the hearing proceeded for approximately five hours, it was adjourned with an open date. On October 16, 2000, without notifying the public, the Planning Board voted to close the hearing. On November 27, 2000, the Planning Board issued a written negative declaration as to the Eagle Realty application. Apparently, the issue of Eagle Realty's application was not even listed on the Planning Board's agenda for the day. The written negative declaration made erroneous references to the Timber Ridge Homes project and did not acknowledge the existence of the neighboring Suffolk County Nature Preserve.

The primary purpose of the State Environmental Quality Review Act (ECL art 8) (hereinafter SEQRA) is to "inject environmental considerations directly into governmental decision making" (*Akpan v Koch,* 75 NY2d 561, 569, quoting *Matter of Coca-Cola Bottling Co. v Board of Estimate,* 72 NY2d 674, 679; *see* ECL 8-0109 [2]; *Matter of Omni Partners v County of Nassau,* 237 AD2d 440, 442; *Matter of West Branch Conservation Assn. v Planning Bd. of Town of Clarkstown,* 207 AD2d 837, 838). It "insures that agency decision-makers—enlightened by public comment where appropriate—will identify and focus attention on any environmental impact of proposed action, that they will balance those consequences against other relevant social and economic considerations, minimize adverse environmental effects to the maximum extent practicable, and then articulate the bases for their choices" (*Matter of Jackson v New York State Urban Dev. Corp.,* 67 NY2d 400, 414-415; *see Matter of West Branch Conservation Assn. v Planning Bd. of Town of Clarkstown, supra*). Literal compliance with the letter and spirit of SEQRA is required, and substantial compliance with SEQRA is not sufficient to discharge an agency's responsibility under the act (*see Matter of Golten Mar. Co. v New York State Dept. of Envtl. Conservation,* 193 AD2d 742, 743-744; *Matter of Rye Town/King Civic Assn. v Town of Rye,* 82 AD2d 474, 480-481).

"Judicial review of the SEQRA process is limited to whether the determination of the lead agency was made in violation of lawful procedure, was affected by error of law, or was arbitrary and capricious or an abuse of discretion" (*Matter of UPROSE v Power Auth. of State of N.Y.,* 285 AD2d 603, 607; *see Matter of WEOK Broadcasting Corp. v Planning Bd. of Town of Lloyd,* 79 NY2d 373, 383). Courts "may review the record to determine whether the agency identified the relevant areas of environmental concern, took a 'hard look' at them, and made a 'reasoned elaboration' of the basis for its determination" (*Matter of*

*Jackson v New York State Urban Dev. Corp., supra* at 417, quoting *Aldrich v Pattison,* 107 AD2d 258, 265; *see Chinese Staff & Workers Assn. v City of New York,* 68 NY2d 359, 363-364; *Matter of UPROSE v Power Auth. of State of N.Y., supra* at 607-608). However, a court may not substitute its judgment for that of the agency; it is not the role of the courts to "weigh the desirability of any action or [to] choose among alternatives" (*Matter of Jackson v New York State Urban Dev. Corp., supra* at 416).

Under the circumstances, the Planning Board's determination was arbitrary and capricious. The negative declaration on its face did not reflect that the Planning Board took a hard look at how the Eagle Realty application might impact the adjacent nature preserve. It curtailed without notice the public's opportunity to voice concerns about the project (*see generally Matter of Scenic Hudson v Town of Fishkill Town Bd.,* 258 AD2d 654, 657-658; *Williamsburg Around the Bridge Block Assn. v Giuliani,* 223 AD2d 64, 74; *Purchase Envtl. Protective Assn. v Strati,* 163 AD2d 596).

Contrary to the contention of Eagle Realty, the Supreme Court properly found that the All Souls Episcopal Church, Kevin P. Von Gonten, and Bruce Hoar had standing to maintain the proceeding (*see* CPLR 1025; *Matter of Sun-Brite Car Wash v Board of Zoning & Appeals of Town of N. Hempstead,* 69 NY2d 406, 415-416; *Matter of Committee to Preserve Brighton Beach & Manhattan Beach v Planning Commn. of City of N.Y.,* 259 AD2d 26, 31-32; *Matter of Lo Lordo v Board of Trustees of Inc. Vil. of Munsey Park,* 202 AD2d 506; *cf. Society of Plastics Indus. v County of Suffolk,* 77 NY2d 761, 774-775; *Matter of Duke & Benedict v Town of Southeast,* 253 AD2d 877, 878; *Matter of Steele v Town of Salem Planning Bd.,* 200 AD2d 870, 872). Since Von Gonten and Hoar are members of the Coalition, their standing is attributable to that organization (*see* CPLR 1025; *cf. Society of Plastics Indus. v County of Suffolk, supra* at 775). Moreover, the interests asserted by the Coalition are germane to its purposes, and neither the asserted claim nor the appropriate relief requires the participation of the individual members (*see Society of Plastics Indus. v County of Suffolk, supra*; *Matter of Committee to Preserve Brighton Beach & Manhattan Beach v Planning Commn. of the City of N.Y., supra* at 33).

The petitioners' remaining contentions are without merit. Florio, J.P., Krausman, Townes and Crane, JJ., concur. [As amended by unpublished order entered January 9, 2003.]