In the Matter of Long Island Contractors' Association et al., Petitioners, and Richard Manzi et al., Respondents, v Town of Riverhead et al., Appellants. [793 NYS2d 494]—

In a proceeding pursuant to CPLR article 78, inter alia, to review a determination of the Town Board of the Town of Riverhead dated March 18, 2003, which, inter alia, issued a negative declaration under the State Environmental Quality Review Act regarding the siting of a temporary portable asphalt manufacturing facility on a municipal solid waste landfill in the Town of Riverhead, the Town of Riverhead and the Town Board of the Town of Riverhead appeal, by permission, as limited by their brief, from so much of an order of the Supreme Court, Suffolk County (Costello, J.), dated January 8, 2004, as denied those branches of their motion which were to dismiss the petition insofar as asserted by the petitioners Richard Manzi, as trustee for the Joseph G. Manzi Irrevocable Trust, Irving Walston, Jr., and Thomas Pipczynski for lack of standing, to dismiss the petition insofar as asserted by the petitioner Richard Manzi, as trustee for the Joseph G. Manzi Irrevocable Trust, as barred under the doctrine of laches, and to dismiss the proceeding in its entirety as time-barred and for failure to join necessary parties.

Ordered that the order is modified, on the law, by deleting the provision thereof denying that branch of the motion which was to dismiss the petition insofar as asserted by the petitioners Irving Walston, Jr., and Thomas Pipczynski for lack of standing and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements, the proceeding insofar as asserted by the petitioner Richard Manzi, as trustee for the Joseph G. Manzi Irrevocable Trust, is severed, and the matter is remitted to the Supreme Court, Suffolk County, for further proceedings on the petition insofar as asserted by the petitioner Richard Manzi, as trustee for the Joseph G. Manzi Irrevocable Trust; and it is further,

Ordered that the respondent's time to answer the petition is extended until 20 days after service upon them of a copy of this decision and order.

In October 1994 the Town of Riverhead and the New York State Department of Environmental Conservation (hereinafter the DEC) entered into a stipulation of settlement requiring the Town to close its Youngs Avenue municipal solid waste landfill

in accordance with the DEC's solid waste regulations (see 6 NYCRR part 360). In February 2001 following extensive study by the Town of the feasibility of reclamation as an alternative to capping the landfill, the DEC approved the Town's landfill reclamation work plan, pursuant to which, inter alia, the Town would reclaim the site by mining the land and using suitable mined materials for the production of asphalt in a mobile plant to be located at the site.

In April 2001 the Town Board of the Town of Riverhead (hereinafter the Town Board) adopted Resolution No. 377, declaring that implementation of the landfill reclamation plan was a Type II action under the State Environmental Quality Review Act (hereinafter SEQRA). On August 1, 2002, the DEC granted the Town's petition for a beneficial use determination (see 6 NYCRR 360-1.15), permitting the Town to use certain waste materials from the Youngs Avenue landfill as aggregate in the manufacture of asphalt at an on-site facility in connection with its landfill reclamation project. The Town awarded a municipal contract to Grimes Contracting Co., Inc. (hereinafter Grimes), to perform the landfill reclamation project which, in turn, subcontracted with GL Paving Products, Inc. (hereinafter GL Paving), to install and operate a temporary asphalt plant at the Youngs Avenue landfill.

The Town Board designated itself as lead agency for the purpose of conducting a coordinated environmental review of the siting of the asphalt plant. On March 18, 2003, the Town Board issued a negative declaration finding that the siting of the temporary asphalt plant on the Youngs Avenue landfill will not have a significant environmental impact and passed Resolution No. 301 on the same date, adopting the negative declaration. On June 3, 2003, the DEC issued an air permit to GL Paving for the asphalt plant.

On July 16, 2003, the petitioners commenced this CPLR article 78 proceeding against the appellants, among others, to annul the negative declaration and enjoin the operation of the asphalt plant; in essence, the petitioner charged that the Town Board failed to take the requisite "hard look" at the environmental impacts of the proposed project. In lieu of an answer, the appellants moved to dismiss the petition upon objections in point of law that the petitioners lack standing, that the petitioner Richard Manzi, as trustee for the Joseph G. Manzi Irrevocable Trust, was barred from maintaining this proceeding under the doctrine of laches, that the proceeding was time-barred, that the petitioners failed to join necessary parties, and that the petition failed to state a cause of action. By order dated

January 8, 2004, the Supreme Court determined that two of the petitioners lacked standing but that the remaining three petitioners, Richard Manzi, as trustee for the Joseph G. Manzi Irrevocable Trust, which owns property adjacent to the Youngs Avenue landfill, and Irving Walston, Jr., and Thomas Pipczynski, asphalt workers who also reside in the Town, had standing, and further denied the remaining branches of the motion. We granted leave to appeal.

Since the basis for this proceeding is the Town Board's alleged noncompliance with SEQRA, the four-month statute of limitations applies (*see* CPLR 217 [1]; *Matter of Young v Board of Trustees of Vil. of Blasdell,* 89 NY2d 846, 848 [1996]; *Matter of Save the Pine Bush v City of Albany,* 70 NY2d 193, 202-203 [1987]). Contrary to the appellants' contention, the limitations period did not commence until the Town Board issued a negative declaration on March 18, 2003, which concluded its SEQRA review of the siting of the temporary asphalt plant on the Youngs Avenue landfill (*Stop-The-Barge v Cahill,* 1 NY3d 218 [2003]; *Matter of Essex County v Zagata,* 91 NY2d 447 [1998]). Accordingly, this proceeding, commenced on July 16, 2003, was timely.

In this regard, we concur with the Supreme Court's reasoning in its decision and order:

"The law is clear that strict, not substantial, compliance with SEQRA is required (*Matter of King v Saratoga County Bd. of Supervisors,* 89 NY2d 341 [1996]). The approval of the solid waste material from the landfill to be used in asphalt production pursuant to 6 NYCRR § 360-1.15 is not a substitute for SEQRA review, which requires a hard look at the environmental impact of the processing plant itself, not just whether or not the use of the landfill's solid waste to produce asphalt would be hazardous to the public health, safety, or welfare. Accordingly, the essence of this petition is a SEQRA challenge to the negative declaration on the basis that it was untimely and substantively inadequate. As such, it is timely, does not require any additional parties and states a cause of action."

We disagree with the appellants' contention that the DEC is a necessary party to this proceeding as it did not conduct the SEQRA review (*see* CPLR 1001 [a]). Nevertheless, we find that Grimes, which has a municipal contract with the Town to perform the reclamation work, and GL Paving, its subcontractor hired to erect and operate the temporary asphalt plant, are necessary parties (*see Matter of 27th St. Block Assn. v Dormitory Auth. of State of N.Y.,* 302 AD2d 155 [2002]; *Matter of Amodeo v Town Bd. of Town of Marlborough,* 249 AD2d 882

[1998]; *Matter of Baker v Town of Roxbury,* 220 AD2d 961 [1995]). Grimes and GL Paving cannot now be added as parties since the applicable statute of limitations has expired and they have not voluntarily appeared or participated in this proceeding (*see Matter of Manupella v Troy City Zoning Bd. of Appeals,* 272 AD2d 761 [2000]; *Matter of Doner v Comptroller of State of N.Y.,* 262 AD2d 750 [1999]; *Matter of Llana v Town of Pittstown,* 234 AD2d 881 [1996]). Moreover, the relation-back doctrine under CPLR 203 (b) is not applicable under the circumstances presented here (*see Buran v Coupal,* 87 NY2d 173, 181 [1995]; *Matter of Karmel v White Plains Common Council,* 284 AD2d 464 [2001]; *Matter of New York City Audubon Socy. v New York State Dept. of Envtl. Conservation,* 262 AD2d 324 [1999]). However, dismissal is not warranted where, as here, the interests of the named party and the nonjoined party are so intertwined that there is virtually no prejudice to the nonjoined party (*see* CPLR 1001 [b]; *Sawicki v County of Suffolk,* 4 AD3d 465 [2004]; *Matter of 27th St. Block Assn. v Dormitory Auth. of State of N.Y., supra; Matter of Doner v Comptroller of State of N.Y., supra*). The interests of Grimes and GL Paving will be adequately protected by the appellants, for, to a large extent, their interests in the issues presented by this proceeding, i.e., the validity of the negative declaration and the Town's compliance with state and local laws in approving the siting of the asphalt plant, are identical. Accordingly, the Supreme Court properly declined to dismiss the petition for failure to join necessary parties.

The Supreme Court also properly determined that the petitioner Manzi had standing to maintain this proceeding. On a motion pursuant to CPLR 7804 (f) to dismiss a petition upon an objection in point of law, only the petition is to be considered and all of its allegations are deemed to be true (*see Matter of Zaidins v Hashmall,* 288 AD2d 316 [2001]; *Matter of De Paoli v Board of Educ.,* 92 AD2d 894 [1983]). The petition alleges that Manzi owns property adjacent to the Youngs Avenue landfill and that operation of the asphalt plant will expose nearby residents to hazardous air emissions, noxious odors, increased noise, and increased truck traffic. Since Manzi has alleged environmental harm that is different from that suffered by the public at large and that comes within the zone of interest of SEQRA, he has established the requisite standing to challenge the Town Board's determination (*see Society of Plastics Indus. v County of Suffolk,* 77 NY2d 761 [1991]; *Matter of Sun-Brite Car Wash v Board of Zoning & Appeals of Town of N. Hempstead,* 69 NY2d 406, 414-415 [1987]; *Matter of Lo Lordo v Board of Trustees of Inc. Vil. of Munsey Park,* 202 AD2d 506 [1994]; *Mat-*

*ter of Duke & Benedict v Town of Southeast,* 253 AD2d 877 [1998]; *Matter of Heritage Co. of Massena v Belanger,* 191 AD2d 790, 791 [1993]).

We reach a different conclusion, however, with respect to the petitioners Walston and Pipczynski. The petition alleges that Walston resides at a specific address within the Town and Pipczynski resides approximately one-half mile from the asphalt plant, and that both handle asphalt in the course of their employment. Neither may avail themselves of the presumption of injury in fact because they have not demonstrated that their properties lie in close proximity to the asphalt plant (*see Matter of Rediker v Zoning Bd. of Appeals of Town of Philipstown,* 280 AD2d 548 [2001]; *Matter of Many v Village of Sharon Springs Bd. of Trustees,* 218 AD2d 845 [1995]; *Matter of Casement v Town of Poughkeepsie Planning Bd.,* 162 AD2d 685 [1990]; *see also Matter of Piela v Van Voris,* 229 AD2d 94 [1997]). Therefore, they must demonstrate that they would suffer an environmental injury which is "in some way different from that of the public at large" (*Society of Plastics Indus. v County of Suffolk, supra* at 774; *see also Matter of Mobil Oil Corp. v Syracuse Indus. Dev. Agency,* 76 NY2d 428, 433 [1990]). They failed to meet this burden (*Matter of Sun-Brite Car Wash v Board of Zoning & Appeals of Town of N. Hempstead, supra* at 413). Accordingly, the Supreme Court should have dismissed the petition insofar as asserted by Walston and Pipczynski.

The parties' remaining contentions either are not properly before this Court or are without merit. Cozier, J.P., S. Miller, Spolzino and Skelos, JJ., concur.