# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**585**
**CA 13-00013**
PRESENT: SCUDDER, P.J., SMITH, CENTRA, AND LINDLEY, JJ.

---

ROBERT M. PAYTON, PLAINTIFF-RESPONDENT,

V                                                       MEMORANDUM AND ORDER

5391 TRANSIT ROAD, LLC, AND CARROLS
CORPORATION, DEFENDANTS-APPELLANTS.
----------------------------------------
CARROLS, LLC, A WHOLLY OWNED SUBSIDIARY
OF CARROLS CORPORATION, THIRD-PARTY
PLAINTIFF-RESPONDENT-APPELLANT,

V

JOSEPH H. TUDOR, DOING BUSINESS AS JM
ENTERPRISES, THIRD-PARTY
DEFENDANT-APPELLANT-RESPONDENT.

---

SMITH, SOVIK, KENDRICK & SUGNET, P.C., SYRACUSE (KAREN KROGMAN OF
COUNSEL), FOR DEFENDANTS-APPELLANTS AND THIRD-PARTY PLAINTIFF-
RESPONDENT-APPELLANT.

BARTH SULLIVAN BEHR, BUFFALO (LAURENCE D. BEHR OF COUNSEL), FOR
THIRD-PARTY DEFENDANT-APPELLANT-RESPONDENT.

JUSTIN S. WHITE, WILLIAMSVILLE, FOR PLAINTIFF-RESPONDENT.

---

Appeals from an order of the Supreme Court, Erie County (Diane Y. Devlin, J.), entered October 9, 2012. The order denied the motion of third-party defendant for summary judgment and the motion of defendants and third-party plaintiff for summary judgment.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiff commenced this action seeking damages for injuries he sustained when he slipped and fell in a parking lot of a Burger King restaurant operated by defendant Carrols Corporation. The parking lot was on property owned by defendant 5391 Transit Road, LLC. Third-party defendant, who was hired to perform snowplowing services for the parking lot, moved for summary judgment dismissing the third-party complaint seeking contractual indemnification, and defendants and third-party plaintiff moved for summary judgment dismissing the complaint and for a conditional order of indemnification against third-party defendant. Supreme Court properly denied the motions.

Addressing first the motion of defendants and third-party plaintiff, we note that it is well settled that a property owner has "a duty to keep the property in a 'reasonably safe condition in view of all the circumstances, including the likelihood of injury to others, the seriousness of the injury, and the burden of avoiding the risk' " (*Sweeney v Lopez*, 16 AD3d 1174, 1175, quoting *Basso v Miller*, 40 NY2d 233, 241).  In addition, " '[a] property owner is not liable for an alleged hazard on [its] property involving snow or ice unless [it] created the defect, or had actual or constructive notice of its existence' " (*id.*).  We conclude that defendants and third-party plaintiff failed to meet their initial burden of establishing that defendants either did not create the dangerous condition or did not have actual or constructive notice of it and thus failed to establish their entitlement to summary judgment dismissing the complaint.  Plaintiff alleged that the dangerous condition consisted of a mound of snow in the first parking space next to the front entrance, which plaintiff climbed over to reach his vehicle parked in the second parking space.  The deposition testimony of plaintiff, the restaurant manager, and third-party defendant raised a triable issue of fact whether the snow mound was created by third-party defendant's removal of snow from the parking lot, by defendants' removal of snow from the sidewalk, or both, and whether defendants were aware of the dangerous condition (*see generally Frank v CPG Partners, L.P.*, 96 AD3d 900, 901; *Rotella v Wegmans Food Mkts.*, 289 AD2d 1014, 1014; *Giamboi v Manor House Owners Corp.*, 277 AD2d 201, 202).

We further conclude that the court properly denied both motions with respect to contractual indemnification inasmuch as there is a triable issue of fact whether third-party defendant was negligent in the performance of the snow removal contract (*see Mesler v PODD LLC*, 89 AD3d 1533, 1535; *Trzaska v Allied Frozen Stor., Inc.*, 77 AD3d 1291, 1292-1293; *Walter v United Parcel Serv., Inc.*, 56 AD3d 1187, 1188).

Finally, we reject third-party defendant's contention that the indemnification agreement is ambiguous and therefore unenforceable (*see generally Rodrigues v N & S Bldg. Contrs., Inc.*, 5 NY3d 427, 433).

Entered:  June 7, 2013                          Frances E. Cafarell
                                                Clerk of the Court