# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**37**

**CA 15-00818**

PRESENT: WHALEN, P.J., CENTRA, PERADOTTO, CARNI, AND SCUDDER, JJ.

---

IN THE MATTER OF WILFRED TURNER, JOEL GIAMBRA
AND JOSEPH GOLOMBEK, JR., PETITIONERS-APPELLANTS,

V                                                    MEMORANDUM AND ORDER

COUNTY OF ERIE AND ERIE COMMUNITY COLLEGE,
RESPONDENTS-RESPONDENTS.

---

RICHARD G. BERGER, BUFFALO, FOR PETITIONERS-APPELLANTS.

HODGSON RUSS LLP, BUFFALO (DANIEL A. SPITZER OF COUNSEL), FOR
RESPONDENTS-RESPONDENTS.

---

Appeal from a judgment (denominated order and judgment) of the
Supreme Court, Erie County (Deborah A. Chimes, J.), entered February
13, 2015 in a proceeding pursuant to CPLR article 78.  The judgment
dismissed the petition.

It is hereby ORDERED that the judgment so appealed from is
unanimously affirmed without costs.

Memorandum:  Petitioners commenced this CPLR article 78
proceeding seeking, inter alia, to annul the negative declaration
issued by respondent County of Erie under the State Environmental
Quality Review Act ([SEQRA] ECL art 8) with respect to the proposed
construction of a new academic building on the Amherst Campus of
respondent Erie Community College (ECC).  Respondents moved to dismiss
the petition, contending that the petition failed to raise a single
environmental issue related to the proposed construction.  Supreme
Court determined that petitioners lacked standing and dismissed the
petition.  We affirm.

It is well settled that "[t]he purposes of SEQRA . . . are to
encourage productive and enjoyable harmony with our environment; 'to
promote efforts which will prevent or eliminate damage to the
environment and enhance human and community resources; and to enrich
the understanding of the ecological systems, natural, human and
community resources important to the people of the state' " (*Society
of Plastics Indus. v County of Suffolk*, 77 NY2d 761, 777).  To that
end, the overriding principle of SEQRA is the "maintenance of a
quality environment for the people of this state" (ECL 8-0103 [1]),
and "every citizen 'has a responsibility to contribute to the
preservation and enhancement of the quality of the environment' "
(*Society of Plastics Indus.*, 77 NY2d at 777, quoting ECL 8-0103 [2]).

Despite the responsibility of every citizen to contribute to the preservation and enhancement of the quality of the environment, there is a limit on those who may raise environmental challenges to governmental actions (*see id.* at 772-775). Those seeking to raise SEQRA challenges must establish both "an *environmental* injury that is in some way different from that of the public at large, and . . . that the alleged injury falls within the zone of interests sought to be protected or promoted by SEQRA" (*Matter of Tuxedo Land Trust, Inc. v Town Bd. of Town of Tuxedo*, 112 AD3d 726, 727-728 [emphasis added]; *see Matter of Sierra Club v Village of Painted Post*, 26 NY3d 301, ___; *Matter of Save the Pine Bush, Inc. v Common Council of City of Albany*, 13 NY3d 297, 308-309; *Matter of Barrett v Dutchess County Legislature*, 38 AD3d 651, 653; *see generally Society of Plastics Indus.*, 77 NY2d at 772-774; *Matter of Mobil Oil Corp. v Syracuse Indus. Dev. Agency*, 76 NY2d 428, 433).

Here, petitioners failed to establish that they have suffered an environmental injury. In opposition to the motion to dismiss, each petitioner submitted an affidavit discussing how he had been allegedly harmed. Petitioner Wilfred Turner stated that, as a student at ECC, he would be harmed by the proposed construction because he did not own a motor vehicle, and it would be both expensive and inconvenient for him and other similarly situated students to use public transportation to attend classes at the Amherst Campus. Petitioner Joel Giambra, the former County Executive of Erie County, stated that, if the proposed facility were constructed on the Amherst Campus instead of within the City of Buffalo, "[he] would be harmed in that all of the work [he] had] done and all of the procedures [he had] fought for would be shown to have been useless." Finally, petitioner Joseph Golombek, Jr., a City Council member for the City of Buffalo (City), stated that he would be harmed because of the "unfavorable decision on the placement of the facility" inasmuch as his "constituents [would] certainly judge [him] according to how well he accomplished [his] tasks," such as safeguarding the City from "adverse economic decisions" and "promot[ing] the expansion of business and economic opportunity within the City." None of those alleged injuries constitutes an environmental injury under SEQRA (*see* 6 NYCRR 617.2 [l]).

Although Giambra and Golombek stated that construction of the new facility would have "lasting environmental impacts, including urban sprawl, traffic congestion, redistribution of residential development, and the routing of mass transit in the future," and such traffic issues are "clearly within the zone of interests" of SEQRA (*Matter of Pelham Council of Governing Bds. v City of Mount Vernon Indus. Dev. Agency*, 187 Misc 2d 444, 448, *appeal dismissed* 302 AD2d 393), none of the petitioners is a resident "of the community which may be affected by the project since they are outside the 'existing patterns of population concentration, distribution, or growth, and existing community or neighborhood character' in close proximity to [the construction]," and they therefore cannot rely on the traffic and population distribution issues to establish standing (*Matter of Jackson v City of New Rochelle*, 145 AD2d 484, 485, *lv denied* 73 NY2d 706).

Inasmuch as none of the petitioners established an *environmental* injury, different from that of the public at large, that falls within the zone of interests sought to be protected or promoted by SEQRA, we conclude that the court properly dismissed the petition (*see Tuxedo Land Trust, Inc.*, 112 AD3d at 727-728).

In view of our decision, we do not address respondents' contention with respect to an alternative ground for affirmance.

Entered:  February 5, 2016                    Frances E. Cafarell
                                              Clerk of the Court