■ In the Matter of TEN TOWNS TO PRESERVE MAIN STREET et al., Petitioners, and SHARON KROEGER, Appellant, v PLANNING BOARD OF TOWN OF NORTH EAST et al., Respondents. [29 NYS3d 189]—

In a proceeding pursuant to CPLR article 78 to review a resolution of the Planning Board of the Town of North East dated February 27, 2013, issuing a negative declaration pursuant to the State Environmental Quality Review Act (ECL art 8) regarding the proposed development of a retail supermarket by Southern Realty and Development, LLC, the petitioner Sharon Kroeger appeals from a judgment of the Supreme Court, Dutchess County (Sproat, J.), dated December 11, 2013, which denied the petition and dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

The Supreme Court properly found that the appellant, Sharon Kroeger, who is the only petitioner to appeal, lacked standing to maintain the instant proceeding. The petition fails to allege potential harm consisting of injuries specific to Kroeger and distinguishable from those suffered by the public at large (*see Matter of Shepherd v Maddaloni*, 103 AD3d 901 [2013]; *Matter of Muir v Town of Newburgh, N.Y.*, 49 AD3d 744, 746 [2008]; *Matter of Barrett v Dutchess County Legislature*, 38 AD3d 651, 653 [2007]; *Matter of Long Is. Contractors' Assn. v Town of Riverhead*, 17 AD3d 590, 595 [2005]; *see generally Society of Plastics Indus. v County of Suffolk*, 77 NY2d 761, 775 [1991]), or potential harm to Kroeger that falls within the State Environmental Quality Review Act's zone of interests (*see* ECL art 8; *Matter of Bridon Realty Co. v Town Bd. of Town of Clarkstown*, 250 AD2d 677, 678 [1998], citing *Matter of Mobil Oil Corp. v Syracuse Indus. Dev. Agency*, 76 NY2d 428, 433 [1990]; *Matter of Fox v Favre*, 218 AD2d 655 [1995]; *Matter of Big v Supermarkets v Town of Wallkill*, 154 AD2d 669 [1989]). Indeed, in the Supreme Court the petitioners did not dispute the contention of the Planning Board of the Town of North East that Kroeger lacked standing; rather, they contended that the other petitioners did have standing (*see generally Matter of Agoglia v Benepe*, 84 AD3d 1072, 1075 [2011]).

In light of our determination, Kroeger's remaining contentions need not be addressed. Dillon, J.P., Leventhal, Chambers and Barros, JJ., concur.