■ CAROL ZAZZARO, Appellant, v HSBC BANK USA, NATIONAL ASSOCIATION, et al., Respondents. [57 NYS3d 573]—

Appeal from an order of the Supreme Court, Monroe County (Thomas A. Stander, J.), entered December 14, 2015. The order granted those parts of the motion of defendant Pro Coat Paving & Construction, Inc. and cross motion of defendants HSBC Bank USA, National Association and Jones Lang LaSalle of New York, LLC seeking summary judgment dismissing the complaint and dismissed the complaint.

It is hereby ordered that the order so appealed from is unanimously modified on the law by denying the cross motion in part and reinstating the first cause of action insofar as it alleges that defendant HSBC Bank USA, National Association, had constructive notice of the icy condition, and granting that part of the motion for summary judgment dismissing the cross claim for common-law indemnification against defendant Pro Coat Paving & Construction, Inc., and denying the motion in part, reinstating the cross claim of HSBC Bank USA, National Association, for contractual indemnification against Pro Coat Paving & Construction, Inc. and converting that cross claim to a third-party claim, and as modified the order is affirmed without costs.

Memorandum: Plaintiff commenced this action seeking damages for injuries she allegedly sustained when she slipped and fell on ice in a parking lot. The complaint alleges causes of action against HSBC Bank USA, National Association (HSBC), the owner of the parking lot, Jones Lang LaSalle of New York, LLC (Jones Lang), the property manager hired by HSBC, and Pro Coat Paving & Construction, Inc. (Pro Coat), the snowplow contractor.

Supreme Court granted the motion of Pro Coat and the cross motion of HSBC and Jones Lang insofar as they each sought summary judgment dismissing the complaint against them. Plaintiff has not pursued in her brief the contentions raised in opposition to Pro Coat's motion that Pro Coat owed her a duty of care on the ground that Pro Coat, "in failing to exercise reasonable care in the performance of [its] duties, 'launche[d] a force or instrument of harm,' " or that it "entirely displaced the other [defendants'] duty to maintain the premises safely" (*Espinal v Melville Snow Contrs.*, 98 NY2d 136, 140 [2002]). Nor has plaintiff raised any other contentions with respect to the order insofar as it granted Pro Coat's motion in part, and we therefore deem any challenge by plaintiff to that part of the order abandoned (*see Ciesinski v Town of Aurora*, 202 AD2d 984, 984 [1994]).

Plaintiff has also abandoned any issue with respect to

whether Jones Lang owed her a duty of care (*see Espinal*, 98 NY2d at 140), or whether HSBC created the allegedly dangerous condition, inasmuch as she has failed to raise any contention with respect thereto in her brief (*see Hume v Town of Jerusalem*, 114 AD3d 1141, 1142 [2014]). HSBC "met [its] initial burden with respect to actual notice by submitting evidence that [it] was not aware of the allegedly dangerous condition, and plaintiff failed to raise a triable issue of fact in opposition" (*Quigley v Burnette*, 100 AD3d 1377, 1378 [2012]). We therefore do not disturb those parts of the order granting the cross motion to the extent that it sought dismissal of the complaint and cross claims against Jones Lang, and dismissal of plaintiff's claims alleging that HSBC created the allegedly dangerous condition or had actual notice of it.

We agree with plaintiff, however, that the court erred in granting that part of the cross motion seeking dismissal of plaintiff's claim against HSBC based on constructive notice, inasmuch as HSBC, by its own submissions, including in particular the deposition testimony of the HSBC branch manager, raised triable issues of fact in that regard (*see Walter v United Parcel Serv., Inc.*, 56 AD3d 1187, 1188 [2008]). The branch manager testified, inter alia, that he was aware on the morning of the accident that an ice advisory was in effect, that he remembered that it was icy that day, that he observed ice on the premises when he arrived at work and, with respect to the location of plaintiff's accident, that he "was surprised plaintiff had parked there because of how visible the ice was." That testimony alone warranted denial of the cross motion in part, inasmuch as it raised triable issues of fact with respect to constructive notice (*see Merrill v Falleti Motors, Inc.*, 8 AD3d 1055, 1056 [2004]). We therefore modify the order by denying the cross motion insofar as it sought dismissal of plaintiff's claim based on constructive notice and reinstating that claim against HSBC.

To the extent that the claim is reinstated, it is necessary to consider the alternative relief sought in the cross motion, i.e., summary judgment on the cross claim of HSBC seeking common-law and contractual indemnification from Pro Coat, and also to consider that part of Pro Coat's motion seeking summary judgment dismissing those cross claims. We conclude that Pro Coat met its burden of establishing its entitlement to judgment dismissing the cross claim for common-law indemnification and that HSBC failed to raise a triable issue of fact with respect thereto (*see Proulx v Entergy Nuclear Indian Point 2, LLC*, 98 AD3d 492, 493 [2012]). We therefore further modify

the order by granting that part of Pro Coat's motion seeking dismissal of the cross claim for common-law indemnification. We further conclude, however, that questions of fact preclude summary judgment on the cross claim for contractual indemnification to either Pro Coat or HSBC (*see Johnson v Wal-Mart*, 125 AD3d 1468, 1469 [2015]; *Payton v 5391 Tr. Rd., LLC*, 107 AD3d 1461, 1462 [2013]), and thus we further modify the order by reinstating that cross claim. Inasmuch as Pro Coat is no longer a defendant in the action, the cross claim for contractual indemnification must be converted to a third-party claim (*see Kumar v PI Assoc., LLC*, 125 AD3d 609, 612 [2015]; *Soodoo v LC, LLC*, 116 AD3d 1033, 1034 [2014]). Present—Whalen, P.J., Carni, NeMoyer, Curran and Troutman, JJ.