Matter of Schmidt v City of Buffalo Planning Bd. (2019 NY Slip Op 05864)





Matter of Schmidt v City of Buffalo Planning Bd.


2019 NY Slip Op 05864


Decided on July 31, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 31, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., CARNI, LINDLEY, TROUTMAN, AND WINSLOW, JJ.


368 CA 18-01139

[*1]IN THE MATTER OF JOHN SCHMIDT, PETITIONER, AND TERRENCE A. ROBINSON, PETITIONER-APPELLANT,
v
CITY OF BUFFALO PLANNING BOARD, CITY OF BUFFALO PRESERVATION BOARD AND NORSTAR DEVELOPMENT USA, L.P., RESPONDENTS-RESPONDENTS. 






TERRENCE A. ROBINSON, PETITIONER-APPELLANT PRO SE. 
TIMOTHY A. BALL, CORPORATION COUNSEL, BUFFALO (ROBERT E. QUINN OF COUNSEL), FOR RESPONDENTS-RESPONDENTS CITY OF BUFFALO PLANNING BOARD AND CITY OF BUFFALO PRESERVATION BOARD.
HODGSON RUSS LLP, BUFFALO (CHARLES W. MALCOMB OF COUNSEL), FOR RESPONDENT-RESPONDENT NORSTAR DEVELOPMENT USA, L.P. 


 Appeal from a judgment (denominated order and judgment) of the Supreme Court, Erie County (Joseph R. Glownia, J.), entered March 14, 2018 in a proceeding pursuant to CPLR article 78. The judgment dismissed the petition. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed without costs.
Memorandum: Petitioners commenced this CPLR article 78 proceeding seeking, inter alia, to annul the negative declaration issued by respondent City of Buffalo Planning Board (Planning Board) under the State Environmental Quality Review Act ([SEQRA] ECL art 8) with respect to the demolition and reconstruction of an apartment complex in the City of Buffalo. Respondents moved to dismiss the petition on the ground that, among other things, Terrence A. Robinson (petitioner) lacked standing. Supreme Court granted respondents' motions and dismissed the petition. Petitioner appeals, and we affirm.
As an initial matter, we note that petitioner does not raise any contention on appeal regarding the determination of respondent City of Buffalo Preservation Board's (Preservation Board) 2017 approval of the demolition application of respondent Norstar Development USA, L.P. Accordingly, petitioner has abandoned any challenge to that determination (see generally Jones v Town of Carroll, 158 AD3d 1325, 1327 [4th Dept 2018], lv dismissed 31 NY3d 1064 [2018]; Zazzaro v HSBC Bank USA, N.A., 151 AD3d 1631, 1632 [4th Dept 2017]).
We further conclude that petitioner, who alone perfected the appeal in this case (see Matter of Ten Towns to Preserve Main St. v Planning Bd. of Town of N.E., 139 AD3d 740, 740 [2d Dept 2016]), lacks standing to challenge the Planning Board's SEQRA determination. "Despite the responsibility of every citizen to contribute to the preservation and enhancement of the quality of the environment, there is a limit on those who may raise environmental challenges to governmental actions . . . Those seeking to raise SEQRA challenges must establish both an environmental injury that is in some way different from that of the public at large, and . . . that the alleged injury falls within the zone of interests sought to be protected or promoted by SEQRA' " (Matter of Turner v County of Erie, 136 AD3d 1297, 1297 [4th Dept 2016], lv denied 27 NY3d 906 [2016]; see Matter of Sierra Club v Village of Painted Post, 26 NY3d 301, 310-311 [2015]).
Contrary to petitioner's contention, he does not have standing arising from his interest in historic preservation, his interest in photographing the apartment complex, or his visits to the complex. "[I]nterest and injury are not synonymous . . . A general—or even special—interest in the subject matter is insufficient to confer standing, absent an injury distinct from the public in the particular circumstances of the case" (Matter of Niagara Preserv. Coalition, Inc. v New York Power Auth., 121 AD3d 1507, 1510 [4th Dept 2014], lv denied 25 NY3d 902 [2015] [internal quotation marks omitted]). Here, petitioner's "[a]ppreciation for historical and architectural [sites] does not rise to the level of injury different from that of the public at large for standing purposes" (id. [internal quotation marks omitted]). Petitioner likewise does not have standing to challenge the Planning Board's determination on behalf of those who reside in or have been displaced from the apartments (see generally Lyman Rice, Inc. v Albion Mobile Homes, Inc., 89 AD3d 1488, 1488-1489 [4th Dept 2011]). We further reject petitioner's contention that he has standing as a result of his position on the Preservation Board. In that respect, petitioner alleged at most a political impact of the alleged SEQRA violation, which does not establish environmental harm (see Turner, 136 AD3d at 1297-1298). Petitioner's contention that he has standing as a member of a protected class is raised for the first time on appeal and thus is not properly before us (see generally Ciesinski v Town of Aurora, 202 AD2d 984, 985 [4th Dept 1994]).
In light of our determination, we do not consider petitioner's remaining contentions.
Entered: July 31, 2019
Mark W. Bennett
Clerk of the Court